IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY A. MASSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-257-SPB |
| ) | |
| MICHAEL STEFANNUCI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

**Susan Paradise-Baxter, United States District Judge**

### I. Introduction

Plaintiff Wesley A. Massey ("Massey") commenced this *pro se* civil rights action by filing a motion to proceed *in forma pauperis*, ECF No. 1, to which he appended a complaint and supporting "brief" directed against Defendants Michael Stefannuci, Maryann Menanno, Trp. Baldwin #10672, Luke Ohmer, and Daniel Palka. ECF No. 1-1, ECF No. 1-2. Also pending before the Court are Massey's motion for a temporary restraining order ("TRO"), ECF No. 2, declaration in support of the TRO, ECF No. 3, and motion for a preliminary injunction. ECF No. 4.

Massey's filings reveal that he considers himself an "independent journalist," ECF No. 2 at 1, who has published "writings" and "Facebook posts that would be criticisms of public officials[.]" ECF No. 1-1, ¶6. He states that he "recently requested public body-worn camera footage concerning matters of significant public concern." ECF No. 2 at 1. According to his complaint, "Defendant Michael Steffannuci et al. was [sic], at all relevant times, a state or local government official or agency [sic] acting under the color of state law." ECF No. 1-1, ¶5.

1

Massey avers that "Defendant(s) became aware of [his] protected speech and expressed hostility toward [him] because of it." ECF No. 1-1, ¶8. "Thereafter, Defendant(s) took adverse actions against [him], including but not limited to a threat of filing criminal charges for Facebook post by Tpr Baldwin, to punish and deter [his] protected speech." *Id.* at ¶ 9. He claims that Defendants thereby violated his rights under the First and Fourteenth Amendments, for which he seeks an award of compensatory and punitive damages, as well as equitable relief, reasonable attorneys' fees, and costs. ECF No. 1-1 at 3.

## II.   Review of Plaintiff's Application for Leave to Proceed in Forma Pauperis

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis when determining whether to direct service of a complaint in cases where the plaintiff seeks to proceed *in forma pauperis*. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). First, the district court evaluates a litigant's financial status and determines whether he or she is eligible to proceed in forma pauperis under § 1915(a); second, the court assesses the complaint under § 1915(e)(2) to determine whether it is frivolous or otherwise subject to *sua sponte* dismissal. *Id.* (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *see Brown v. Sage*, 903 F.3d 300, 304 (3d Cir. 2018) (describing two-step process for evaluating a petitioner's motion to proceed in forma pauperis on appeal); *Schneller v. Abel Home Care, Inc.*, 389 F. App'x 90, 92 (3d Cir. 2010); *Rogers v. United States*, 248 F. App'x 402, 402-03 (3d Cir. Sept. 21, 2007).

Here, Massey's motion for leave to proceed *in forma pauperis* will be granted, as it appears that Massey lacks sufficient funds to pay the required filing and administrative fees in this action. Accordingly, the Clerk will be directed to file his complaint and supporting brief as separate docket entries.

### III.    Review of Plaintiff's Complaint Under 28 U.S.C. §1915(e)

A. <u>Governing Legal Standards</u>

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: (1) is based upon an indisputably meritless legal theory and/or, (2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Whether a complaint fails to state a viable claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). When reviewing a complaint to determine whether it states a cognizable legal claim, we accept the well-pled factual averments as true and construe all reasonable inference arising from the facts in favor of the complainant. *See Taksir v. Vanguard Grp.*, 903 F.3d 95, 96-97 (3d Cir. 2018). However, the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted). Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) review, it must contain more than just labels and conclusions or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3

Here, Plaintiff is proceeding *pro se*. Therefore, his complaint must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But while courts construe *pro se* pleadings liberally, "there are limits to [this] procedural flexibility," and the litigant must still allege sufficient facts to support a valid claim. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to §1915, a court must grant the plaintiff leave to amend the complaint, unless further amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

B. Analysis

Massey's claims in this case are asserted under 42 U.S.C. §1983, which provides a private right of action as against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to plead a valid claim under this statute, Massey must plausibly allege that the Defendants, while acting under color of state law, violated one or more of his federal constitutional or statutory rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, Massey is suing the Defendants in both their individual and official capacities. *See* ECF No. 1-1, ¶5. "Suits against government officials in their official capacity is essentially another way of bringing claims against the governmental entity that employs those

4

officials." *Helferty v. Mastnjak*, No. 24-CV-2269, 2025 WL 2250002, at *3 (E.D. Pa. Aug. 6, 2025).

Relevantly, states are not "persons" who can be liable under Section 1983 and, moreover, they are immune from Section 1983 lawsuits in federal court pursuant to the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-71 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). Thus, a Section 1983 plaintiff cannot proceed on a claim for monetary damages against a state employee in his or her official capacity. *See Foley v. Harry*, No. 1:24-CV-00322-RAL, 2025 WL 2030709, at *3 (W.D. Pa. July 21, 2025) (noting that claims for money damages against state employees in their official capacities were barred by Eleventh Amendment immunity). In such situations, the plaintiff may seek only prospective injunctive relief to address an ongoing constitutional violation. *See Will*, 491 U.S. at 71 ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (internal quotation marks and citation omitted).

Unlike states, municipalities may be sued under Section 1983 for monetary damages; however, the municipality cannot be held liable based *solely* on the conduct of its employees. *See Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978). Instead, liability attaches only if the municipality *itself* caused the constitutional violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). A municipality acts through a "policy statement, ordinance, regulation, or a decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *see also Berg v. Cnty. of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000) ("Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.")

5

(internal quotations omitted). Alternatively, a municipality can act through customs, which are practices "so permanent and well settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Prapotnik*, 485 U.S. 112, 127 (1988). Thus, "[t]o successfully state a §1983 claim for municipal liability, a plaintiff must allege (1) that he "possessed a constitutional right of which [he] was deprived"; (2) "the municipality had a policy or custom"; (3) "the policy or custom 'amounted to deliberate indifference' to the plaintiff's constitutional right"; and (4) "the policy was the 'moving force behind the constitutional violation.'" *Williams v. Del. Cty. Bd. of Prison Inspectors*, No. 17-cv-4348, 2018 WL 3235788 at *4–6 (E.D. Pa. July 2, 2018) (quoting *Vargas v. City of Phila.*, 783 F.3d 962, 974 (3d Cir. 2015)).

In order to state a viable Section 1983 claim against the Defendants in their individual capacities, Massey must plead sufficient facts to plausibly establish that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Stated differently, each named Defendant must have been personally involved in the alleged misconduct. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* at 1207.

Under the most liberal interpretation, Massey's Complaint arguably states a colorable First Amendment retaliation claim against Trooper Baldwin. Specifically, Massey appears to be alleging that Trooper Baldwin issued some type of threat regarding the filing of criminal charges in response to a Facebook post that Massey published, criticizing public officials.

Beyond this putative claim, however, Massey's complaint suffers from a number of deficiencies. To begin, the complaint states only that the Defendants were, "at all relevant times,

6

a state or local government official or agency acting under the color of state law" without identifying the specific governmental office that each Defendants held. ECF No. 1-1, ¶5. This alone makes it impossible for the Court to determine the viability of Massey's official capacity claims because, to the extent Massey is suing any state employee for monetary damages, those claims are barred, and Massey is limited to seeking prospective injunctive relief to address an ongoing constitutional violation. For example, the Court assumes that Trooper Baldwin is a Pennsylvania State Trooper and thereby an employee of the Commonwealth of Pennsylvania. Thus, any official capacity claims against Trooper Baldwin must be dismissed insofar as Massey is seeking monetary relief. And, to the extent Massey seeks prospective equitable relief against Trooper Baldwin in his official capacity, the Complaint lacks sufficient factual content to establish an ongoing constitutional violation.

With respect to the other named Defendants, Massey's complaint does not identify their specific office at all, or the specific actions each Defendant allegedly took against him. Massey's preliminary injunction motion states that Defendants Ohmer and Palka are law enforcement officers employed by the Meadville City Policy Department and that they were allegedly involved in an incident in which they repeatedly punched an individual. *See* ECF No. 4 at 2. But this is the only reference of Defendants Ohmer and Palka in Massey's filings; his complaint fails to allege any conduct on their part that involved unlawful retaliation against him personally. As for Defendants Stefannuci and Menanno, the Complaint fails to identify their office or any specific action on their part as it relates to the allegations of unlawful retaliation. Massey's reference to "Defendants" in the collective is insufficient to establish any personal liability on the part of these Defendants. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to

7

adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff); *see also Oliver v. Pennsylvania State Police*, No. 25-CV-0138, 2025 WL 1361287, at *5 n.8 (E.D. Pa. May 9, 2025) ("It is worth noting too that pleading that a group of individuals violated his rights, without specifying what each individual did or did not do that violated his rights, is insufficient to put a defendant on notice of the conduct with which he is charged and does not state a plausible claim.") (citations omitted). In sum, absent more information detailing the alleged actions of Defendants Stefannuci, Menanno, Ohmer, or Palka, the Court cannot reasonably infer that any of these individuals violated Massey's First Amendment rights. Thus, Massey has failed to state a plausible Section 1983 claim against Defendants Stefannuci, Menanno, Ohmer, and Palka.

To the extent Massey is suing local officials in their official capacities, he has failed to state a viable "*Monell*" claim.[1] Nowhere in the complaint or related filings does Massey identify a specific local policymaker and tie that individual to an offending municipal custom or policy. Instead, Massey offers only conclusory averments that the Defendants took adverse actions against him "without legitimate governmental justification" and that the "Defendant(s)' actions were the moving force behind the constitutional injury" he suffered. ECF No. 1-1, ¶¶ 9-10, 14. But federal pleading standards require "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 545; *see also Mulholland v. Phila. School Dist.*, Civil Action No. 25-2171, 2025 WL 2414164 *8 (E.D. Pa. Aug. 20, 2025) ("[A]llegations that simply paraphrase the standard for municipal

---

[1] As noted, any Section 1983 claims against municipal defendants in their official governmental capacities "are subject to the same *Monell* standard for institutional liability because such claims 'essentially are claims against the [government] itself.'" *Beers v. Cnty. of Northumberland*, No. 23-2555, 2024 WL 2874283, at *3 n.4 (3d Cir. June 7, 2024) (citing *Monell*, 436 U.S. at 690 n.55) (alteration in the original).

liability are too vague and generalized to support a claim against the municipality."). In his related filings, Massey alludes to adverse actions such as being denied access to certain public records and/or being blocked on social media. *See, e.g.,* ECF N. 1-2 at 1, ECF No. 3 at 2. But again, he fails to clarify which individuals undertook the adverse action. Thus, for purposes of his official capacity claims, Massey fails to allege how any of the adverse actions are attributable to a governmental entity as an official policy or custom.

Still, the Court cannot say with certainty that amendment of Massey's §1983 claims against Defendants Stefannuci, Menanno, Ohmer, or Palka would be futile, nor is further amendment inequitable at this point. *Grayson,* 293 F.3d at 114. Accordingly, the Court will grant Plaintiff an opportunity to amend his §1983 claims against those Defendants, to the extent he can do so consistent with the principles discussed in this Memorandum Opinion and his obligations under Federal Rule of Civil Procedure 11.[2]

---

[2] Rule 11 provides, in relevant part, as follows:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

### IV.  Plaintiff's Motions for a TRO or Preliminary Injunction

The Court also has pending before it Massey's motions for a TRO and preliminary injunction. A temporary restraining order is assessed under the same standards as a preliminary injunction. *See, e.g., Alves v. Main*, 747 Fed. Appx. 111, 112 n.3 (3d Cir. 2019) (citing Holland v. Rosen, 895 F.3d 272, 285 (3d Cir. 2018)). However, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Where the foregoing procedural requirements are satisfied, a preliminary injunction is appropriate only where: (1) the movant demonstrates a reasonable probability of success on the merits; and (2) the movant demonstrates irreparable harm if the injunction is denied; (3) the issuance of an injunction will not result in greater harm to the non-moving party; and (4) the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). As the moving party, Massey bears the burden of producing evidence to support the first two factors. *See Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Absent support for either of the first two factors, a court must deny the request for a preliminary injunction. *See Acierno*, 40 F.3d at 653; *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000). As a threshold matter, the movant must allege facts that support a finding that he will sustain immediate and irreparable harm if preliminary injunctive relief is denied. *See United States v. Stazola*, 893 F.2d 34, 37 n.3 (3d Cir. 1990); *Hohe*

*v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989); *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (holding that it is not enough merely to show irreparable harm; the plaintiff has the burden of showing immediate irreparable injury, which is more than serious or substantial harm and which cannot be redressed with money damages).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strict legal proofs and according to the principles of equity. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Thus, injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).

Here, Massey asserts in his declaration only that he made "reasonable efforts to notify Defendants" of his TRO motion, ECF No. 3, ¶6, but he does not state what those efforts were. Moreover, insofar as his complaint offers only vague and conclusory allegations against the Defendants collectively, it fails to state a viable First Amendment claim against Michael Stefannuci, Maryann Menanno, Luke Ohmer, or Daniel Palka, as discussed. Therefore, the Court cannot say that Massey has carried his burden of demonstrating a reasonable probability of success on the merits. Further, to the extent he has offered only vague allegations of some type of threat of arrest or further punitive action, he has alleged only speculative injury rather than a likelihood of immediate and irreparable harm.

## V.    Conclusion

Based upon the foregoing reasons, Massey's motion for leave to proceed *in forma pauperis* will be granted; however, the Court will not order service of Massey's complaint at this

time. Instead, his claims against Defendants Stefannuci, Menanno, Ohmer, and Palka will be dismissed without prejudice and Massey will be afforded an opportunity to amend his complaint on or before the date specified in the accompanying order, which follows. Massey's motion for a TRO will be denied and his motion for a preliminary injunction will be denied without prejudice to be reasserted with the filing of his amended pleading.

*[signature]*
SUSAN PARADISE BAXTER
United States District Judge