IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WESLEY A. MASSEY,                    )
                                     )
                 Plaintiff,          )
                                     )
        v.                           )        Case No. 1:25-cv-257-SPB
                                     )
MICHAEL STEFANNUCI, *et al.*,        )
                                     )
                 Defendants.         )

## MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

### I.        Introduction

On August 15, 2025, Plaintiff Wesley A. Massey commenced this *pro se* civil rights action against Defendants Michael Stefannuci ("Stefannuci"), Maryann Menanno ("Menanno"), Tpr. Baldwin #10672 ("Tpr. Baldwin"), Luke Ohmer ("Ohmer"), and Daniel Palka ("Palka"), alleging that the aforementioned Defendants violated his rights under the First and Fourteenth Amendments.  On September 2, 2025, the undersigned granted Plaintiff's motion for leave to proceed *in forma pauperis* and reviewed the complaint under 28 U.S.C. §1915.  ECF Nos. 6, 7.

Upon doing so, the Court determined that Plaintiff's claims against Defendants Stefannuci, Menanno, Ohmer, and Palka failed to state a plausible basis for legal relief.  *Id.*  The Court dismissed those claims without prejudice, allowing Plaintiff to reassert them in an amended pleading, which was to be filed on or before October 2, 2025.  ECF No. 7.  Plaintiff then sought and received an extension of time for filing his amended complaint, with the new deadline being December 1, 2025.  ECF Nos. 10, 11.

1

As of December 12, 2025, no amended complaint had been filed, so the Court deemed the claims against Defendants Stefannuci, Menanno, Ohmer, and Palka to be abandoned. Consistent with its prior rulings and express warnings issued on September 2, 2025, and October 10, 2025, the Court dismissed the claims against Stefannuci, Menanno, Ohmer, and Palka with prejudice, allowing the case to proceed against Tpr. Baldwin only. ECF Nos. 7, 11, and 12.

Plaintiff was then given until January 5, 2026 to provide the Court a copy of his complaint, along with a completed USM285 form, A Notice of Lawsuit and Request for Waver of Summons form (AO 398), and a Waiver for Service of Summons form (AO 399), so that those documents could be served upon Tpr. Baldwin. Although blank versions of these forms had previously been provided to Plaintiff, the Court directed the Clerk to provide them once again in the mailing of its December 12, 2025 Order. ECF No. 12. Plaintiff was cautioned that failure to comply with the terms of the Order could result in the dismissal of his complaint for failure to prosecute. *Id.*

Plaintiff did not return the service papers by the January 5, 2026 deadline so, on January 9, 2026, the Court issued another Order directing Plaintiff to show cause, on or before January 22, 2026, why this case should not be dismissed based on his failure to prosecute his remaining claim against Tpr. Baldwin. Plaintiff was instructed that, in lieu of demonstrating good cause, he could provide the Court, on or before January 22, 2026, a service copy of his complaint, along with a completed USM285 form, A Notice of Lawsuit and Request for Waver of Summons form (AO 398), and a Waiver for Service of Summons form (AO 399). Once again, Plaintiff was expressly cautioned that his failure to comply with the terms of the Court's Order might result in the dismissal of his complaint for failure to prosecute.

To date, Plaintiff has not supplied the required service documents, nor has he demonstrated cause for his delinquency.

## II.    Discussion

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a civil action may be involuntarily dismissed where the plaintiff "fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Brownlee v. Monroe Cty. Corr. Facility*, No. 19-3169, 2020 WL 3055829, at *2 (3d Cir. June 9, 2020) (citation omitted); *Shields v. Comm'r of Soc. Sec.*, 474 F. App'x 857, 858 (3d Cir. 2012). In determining whether to dismiss a complaint under Rule 41(b), courts consider the six factors laid out in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984), *to wit*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 878; *see Brownlee*, 2020 WL 3055829, at *2. "Each factor need not be satisfied for the trial court to dismiss a claim." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003). The Court's analysis follows.

### The Extent of Plaintiff's Personal Responsibility

In this case, Plaintiff is proceeding *pro se*. He therefore bears sole personal responsibility for his own failure to diligently prosecute his case. This factor weighs in favor of dismissal.

### Prejudice to the Defendants

The complaint in this case was lodged on August 15, 2025. To date, no service has been accomplished because Plaintiff has failed to complete and return the documents needed for

service.  Although Tpr. Baldwin may not have been significantly prejudiced to this point, the

Court has been hampered in its ability to move this litigation forward, given Plaintiff's delay.

Although not a weighty factor, the prejudice factor tips the scale slightly in favor of dismissal.

### *Plaintiff's History of Dilatoriness*

As set forth above, Plaintiff has twice failed to comply with the Court's directives.  He

initially failed to comply with the Court's instruction to provide service papers by January 5,

2026.  He then failed to comply with the Court's instruction to supply the necessary documents

by the extended date of January 22, 2026.  On both occasions, Plaintiff had been expressly

advised that his failure to comply with the Court's order might result in the dismissal of his

complaint.  The Court also considers the fact that, when given an opportunity to amend his

claims against Defendants Stefannuci, Menanno, Ohmer, and Palka, Plaintiff failed to avail

himself of this opportunity -- even after the Court granted a two-month extension of the

amendment deadline.

While the delays in this case have not been terribly lengthy, they demonstrate a pattern of

delinquency.  This factor weighs in favor of dismissal.

### *Whether the Plaintiff's Conduct Was Willful or in Bad the filing of Faith*

Because Plaintiff has not responded to the Court's show cause order, the undersigned

cannot know the precise reasons for his delinquency.  The Court does not necessarily infer bad

faith motives on Plaintiff's part but, because he is conducting this litigation on his own behalf

and is responsible for the prosecution of his claims, the Court infers that Plaintiff's delinquency

is willful.  This factor further justifies the dismissal of his claims.

*The Effectiveness of Lesser Sanctions*

Plaintiff is proceeding *pro se* and *in forma pauperis*; therefore, there are no other appropriate sanctions other than dismissal. *See Riley v. Sec'y Pennsylvania Dep't of Corr.*, 536 F. App'x 222, 226 (3d Cir. 2013); *see also Briscoe v. Klaus*, 538 F.3d 252, 262-263 (3d Cir. 2008). This factor, too, favors dismissal.

*The Merits of Plaintiff's Claim*

As noted, Plaintiff's only remaining claim at this point is his Section 1983 claim against Tpr. Baldwin. It appears that Plaintiff is suing Tpr. Baldwin to redress an alleged First Amendment violation, based on the averment that Tpr. Baldwin threatened to file criminal charges against Plaintiff in retaliation for Plaintiff publishing a Facebook post that was critical of Defendant Stefannuci and/or other public officials.

Because Plaintiff has failed to comply with the Court's instructions relative to service, the complaint has not yet been served on Tpr. Baldwin, and the Court has not had the benefit of Tpr. Baldwin's response. Thus, while Plaintiff's claim is facially plausible, no competing argument, theory, or evidence has yet been developed in this case, and the Court therefore cannot determine whether the claim against Tpr. Baldwin might have ultimately been proven. Plaintiff's actions to date suggest that he is not interested in pursuing his claim or, perhaps, that he does not believe it to be meritorious. In any event, no single *Poulis* factor is totally dispositive. On balance, the totality of considerations weighs in favor of dismissal.

## III.    Conclusion

Based upon the foregoing reasons, the complaint in this matter will be dismissed with prejudice. An appropriate order follows.

DATED:  January 29, 2026

SUSAN PARADISE BAXTER
United States District Judge